ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2013 FEB 11  PM 1:38

CLERK OF COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MARIA GUADIAN
*Plaintiff.*

v.

ASSET ACCEPTANCE, LLC
*Defendant.*

CIVIL ACTION NO.

4-13CV-99-A

TRIAL BY JURY DEMANDED

## COMPLAINT FOR VIOLATIONS OF THE FDCPA AND FCRA

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### NATURE OF ACTION

1. This is an action for damages brought by an individual Plaintiff for Defendant's violations of The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and The Fair Credit Reporting Act 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

2. Plaintiff seeks to recover statutory damages for Defendant's violation of the FDCPA and FCRA.

### JURISDICTION

3. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 15 U.S.C. § 1681p.

4. All conditions precedent to the bringing of this action, have been performed.

### PARTIES

5. The Plaintiff in this lawsuit is MARIA GUADIAN, a natural person, who resides in the State of Texas, in the County of Tarrant, and City of Fort Worth.

6. The Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and FCRA, 15 U.S.C. § 1681a(d).

7. The Defendant in this lawsuit is ASSET ACCEPTANCE, LLC (herein after "ASSET") a debt collection company with offices at 28405 Van Dyke Ave., Warren, MI 48093

8. Defendant, ASSET is an entity who at all relevant times was engaged, by use of the mails, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1962a(6).

## VENUE

10. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), the occurrences which give rise to this action occurred in Tarrant County, Texas and Plaintiff resides in Tarrant County, Texas.

11. Venue is proper in the Northern District of Texas.

## FACTUAL ALLEGATIONS

12. Plaintiff individually, hereby sues Defendant ASSET for violations of The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq. and The Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.

13. In September 2012, Plaintiff noticed that Defendant ASSET has placed derogatory and inaccurate information on TransUnion, Experian, and Equifax consumer reports regarding an alleged account they were attempting to collect.

14. September 11, 2012 via United States Postal Service Certified Mail, Plaintiff sent a letter demanding that defendant validate the alleged debt they were attempting to collect or cease and desist from any further collection activity.

15. Defendant received the validation of debt and dispute letter from Plaintiff on September 17, 2012 according to United States Postal Service records.

16. In the letter dated September 24, 2012, Defendant stated "This is an attempt to collect a debt and any information obtained will be used for that purpose.

17. Defendant ASSET did not provide any validation, no signed documentation, contract, agreement, and/or assignment was provided.

18. On October 3, 2012 via USPS Certified Mail, Plaintiff sent a second notice of validation pursuant to 15 U.S.C. § 1681g that the alleged debt is in dispute.

19. On or about October 14, 2012 Plaintiff received a letter from Defendant ASSET dated October 11, 2012.

20. Defendant again stated "This is an attempt to collect a debt and any information obtained will be used for that purpose" in letter dated October 11, 2012.

21. In the letter dated October 11, 2012, Defendant again did not provide any documentation, signed agreement, contract, and/or assignment.

22. Defendant continues to report the erroneous and derogatory information to TransUnion, Experian, and Equifax consumer reports for the month of November 2012 in violation of the FCRA 15 U.S.C. § 1681s-2(a)(1)(B)(i)(ii).

23. The only reason that the Defendant ASSET is communicating the erroneous and derogatory information regarding the alleged account for the month of November 2012 to

TransUnion, Experian, and Equifax consumer reports is in an attempt to collect on alleged account.

24. On November 13, 2012 Plaintiff sent a notice of the violations of The Fair Debt Collection Practices Act and Fair Credit Reporting Act to ASSET by United States Postal Service certified mail #7012 2210 0002 4049 9735 with return receipt. This was in an effort to mitigate damages and reach a settlement for their violations before taking civil action against Defendant ASSET.

25. All violations complained of herein occurred within the statute of limitations of the applicable federal statutes.

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY DEFENDANT ASSET ACCEPTANCE, LLC

26. Paragraphs 1 through 25 are re-alleged as though fully set forth herein.

27. Defendant's aforementioned conduct violated the FDCPA, 15 U.S.C. § 1692, et seq.

28. Defendant's aforementioned conduct violated the FDCPA, 15 U.S.C. § 1692e.

29. Defendant's aforementioned conduct violated the FDCPA 15 U.S.C § 1692e(2)(A).

30. Defendant's aforementioned conduct violated the FDCPA, 15 U.S.C. § 1692e(8).

31. Defendant's aforementioned conduct violated the FDCPA, 15 U.S.C. § 1692e(10).

32. Defendant's aforementioned conduct violated the FDCPA, 15 U.S.C. § 1692e(11).

33. Defendant's aforementioned conduct violated the FDCPA, 15 U.S.C. § 1692f, et seq.

34. Defendant's aforementioned conduct violated the FDCPA, 15 U.S.C. § 1692f(1).

35. Defendant's aforementioned conduct violated the FDCPA, 15 U.S.C. § 1692g, et seq.

36. Defendant's aforementioned conduct violated the FDCPA, 15 U.S.C. § 1692g(b).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DEFENDANT ASSET ACCEPTANCE, LLC

37. Plaintiff realleges and incorporates paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

39. Experian, Transunion, and Equifax are consumer reporting agencies within the meaning of FCRA, 15 U.S.C. § 1681a(f).

40. ASSET is a furnisher of information within the meaning of Fair Credit Reporting Act, 15 U.S.C. 1681s-2.

41. Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

42. ASSET violated Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to the ASSET ACCEPTANCE, LLC. representation within Plaintiff's consumer credit file with Experian, Transunion, and Equifax.

43. ASSET violated Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of the ASSET ACCEPTANCE, LLC representation.

44. ASSET violated Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by failing to accurately respond to Experian, Transunion, and Equifax.

45. ASSET violated Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the ASSET ACCEPTANCE, LLC representations to the consumer reporting agency.

46. ASSET conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

47. The Plaintiff is entitled to recover costs and any attorney's fees from ASSET in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the FCRA and/or admission from the Defendant(s) that they violated the FCRA;

b) Awarding Plaintiff statutory damages in the amount of **$1,000.00 per month per consumer reporting agency** that erroneous and derogatory information was contained in Plaintiff's credit files as a result of Defendant's actions, pursuant to 15 U.S.C § 1681n;

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands trial by jury.

Dated: February 11, 2013

Respectfully Submitted,

Maria Guadian
3057 OLD HICKORY TR
FOREST HILL, TEXAS 76140
(817) 298-0643
guadianmaria@yahoo.com

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MARIA GUADIAN

**DEFENDANTS**
ASSET ACCEPTANCE, LLC

2013 FEB 11 PM 1:38

**(b)** County of Residence of First Listed Plaintiff  TARRANT
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  MACOMB
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

4-13CV-99-A

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
15 U.S.C. § 1692, et seq and 15 U.S.C. § 1681 et seq.
Brief description of cause:
Violations of Fair Credit Reporting Act and Fair Debt Collections Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE
02/11/2013
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 12838  AMOUNT $350  APPLYING IFP  JUDGE  MAG. JUDGE